### LEWIS et al. v. GORDON.

(Supreme Court, Special Term, Monroe County. September 16, 1916.)

INJUNCTION ☞163(2)—PENDENTE LITE—VACATION BEFORE TRIAL—BUILDING RESTRICTIONS.

    An injunction pendente lite will not be vacated before trial in an action to enforce building restrictions in conveyances, where a reasonable doubt exists as to the defendant's right to a vacation, and where plaintiff's papers make out a prima facie case for an injunction, and sufficient security is provided to protect the defendant against loss pending the trial.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 358, 365; Dec. Dig. ☞163(2).]

Action by George W. Lewis and others against Alic Gordon. On motion to vacate temporary injunction. Denied, and injunction continued.

Fred M. Whitney, of Rochester (George B. Draper, of Rochester, of counsel), for the motion.

Charles E. Callahan, of Rochester, opposed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RODENBECK, J.   It is not clear that defendant is entitled to have vacated the injunction granted herein, and, a prima facie case having been made out by the plaintiffs, the injunction should not be vacated. George W. Archer acquired title to the property by foreclosure, and made a contract with Lombard & Block for the sale of the lots into which he had divided the tract. This contract provided that in the section covered by defendant's lot "no tenement or apartment house shall be built upon any of said lots. It is hereby understood that this restriction does not prohibit the building of a double house or a Boston flat." This contract was not recorded, but in the conveyance made by Archer to the Driving Park Land Association the entire premises were conveyed, subject to the conditions and restrictions contained in the Lombard & Block contract. Defendant, therefore, had notice of these restrictions, and also purchased his property from Lombard & Block subject to the restriction that it be used for the "ordinary and usual purposes of a residence or homestead." The language of his deed and the restriction contained in the Lombard & Block contract raise a serious question of his right to build a four-family apartment house.

On this motion I do not wish to express an opinion on the subject, further than to say that under the facts as now disclosed to me I am of the opinion that the injunction should be continued, but that the plaintiffs should furnish additional security in the sum of $500.